**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4898**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WILLIAM RONDELL COLLINS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:10-cr-00045-LO-1)

———————

Submitted: April 18, 2011        Decided: April 29, 2011

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lana Manitta, RICH ROSENTHAL BRINCEFIELD MANITTA DZUBIN & KROEGER, LLP, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Ryan S. Faulconer, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Rondell Collins appeals his forty-two month prison sentence after pleading guilty to one count of bribery as a public official in violation of 18 U.S.C. § 201(b)(2) (2006) and one count of unlawful salary supplementation in violation of 18 U.S.C. § 209(a) (2006). On appeal, Collins contends that the district court erred in calculating his advisory range of imprisonment using the U.S. Sentencing Guidelines Manual (USSG) and erred by upwardly departing from the Guidelines range. We affirm.

We review the district court's imposition of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In analyzing whether a district court properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

The district court properly found that Collins's offense conduct involved more than one bribe or extortion, and thus enhanced his offense level pursuant to USSG § 2C1.1(b)(1) (2009). Bribery as a public official may be found even where the official act offered in exchange for the bribe is not harmful to the government or inconsistent with the official's legal obligations. United States v. Quinn, 359 F.3d 666, 675

2

(4th Cir. 2004). It is irrelevant whether the public official would have to change his or her conduct to satisfy the payor's expectations. Id.

Moreover, Collins promised to do more than just fulfill his official duties in exchange for payment. Collins promised to "cover" his supervisor, the primary overseer of the contract. Such activity constitutes bribery activity, and coupled with Collins's other admitted bribery scheme, demonstrates Collins's involvement in more than one bribe.

Collins also challenges the district court's finding, under USSG § 2C1.1(b)(2), that a six offense level enhancement was appropriate because his schemes resulted in a combined loss and gain of over $30,000. We review such a factual determination for clear error, mindful that loss need not be determined with precision. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). A district court need only make a reasonable estimate, given the available information before it. Id.

We find no clear error in the district court's loss and gain calculations. According to the parties' joint statement of facts, the first scheme was set to yield Collins 400 Kuwaiti Dinar per month — a sum equivalent to, as agreed by the parties, approximately $1400. The parties agreed that four such payments were made and it was not clear error for the

district court to find that a fifth such payment was made, or at least contemplated, based on the overwhelming evidence in the record. Thus, the value of the money obtained or to be obtained through Collins's first scheme totaled at least $7000.

The joint statement of facts chronicled a cash payment of $5775 to Collins, representing one-half of his share of the proceeds of the second scheme. Thus, Collins's full share would amount to $11,550 and, combined with the full share of his partner, the total value to be obtained by Collins and his partner was to be $23,100.[1] Adding the two totals together, as directed by USSG § 2C1.1 cmt. n.2, yields a total anticipated gain or loss of at least $30,100 based on the offense conduct.[2] We note that this figure is conservative, as the schemes were seemingly anticipated to continue further into the future. But for our purposes, this calculation demonstrates that the district court's finding as to the amount of the loss or gain was not clearly erroneous.

_____

[1] This figure also represents the anticipated amount of loss to the Government.

[2] Collins makes much of various currency exchange rates in his appellate briefing. Use of such rates is unnecessary given that the district court's findings are not clearly erroneous using the figures contained in the parties' joint statement of facts. It is not dispositive that other reasonable ways to calculate the loss or gain may exist; we review only the propriety of the district court's calculation.

Lastly, Collins contends that the district court acted substantively unreasonably in departing upwardly from the advisory Guidelines range of imprisonment. The district court provided a cogent explanation of adequate reasons to justify Collins's forty-two month sentence. In light of the deference due to the district court's sentence, we do not find it unreasonable under a totality of the circumstances.

We therefore affirm Collins's sentence. We deny Collins's motion seeking leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED